```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


JOEL COOPER, M.D.,                    )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )    No. 4:06CV520-DJS
                                      )
WASHINGTON UNIVERSITY and             )
TIMOTHY EBERLEIN, M.D.,               )
                                      )
            Defendants.               )
```

## ORDER

Plaintiff, the former Chief of the Division of Cardiothoracic Surgery at defendant Washington University ("defendant University"), brings the instant action against his former employer and defendant Eberlein, the Chairman of the Department of Surgery at defendant University. Plaintiff asserts in Count I age discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, 213.055, 213.070, against both defendants and in Count II breach of contract against defendant University. Plaintiff initially filed his complaint in the Circuit Court for the City of St. Louis, State of Missouri. Defendants removed the action asserting that the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., preempts plaintiff's state law claims. Now before the Court are plaintiff's motion to remand and his motion to dismiss Count I. Plaintiff argues that his causes of action are not preempted and, in the alternative, that the Court should

dismiss Count I of his complaint.  The Court has not been persuaded that it has subject matter jurisdiction over the instant action and will grant plaintiff's motion to remand and deny his motion to dismiss Count I.[1]

In plaintiff's claim for breach of contract, he asserts that defendant University breached the contract it had with plaintiff to pay plaintiff $200,000 annually until 2008.  In 1998, defendant University and plaintiff agreed that plaintiff would stay on as the Chief of the Division of Cardiothoracic Surgery in exchange for the aforementioned additional compensation.  The details of the 1998 agreement were documented in a March 9, 1998 letter from the Dean of defendant University's School of Medicine which reads:

> We have agreed to pay you additional compensation in the amount of $200,000 annually through calendar year 2008. We will contribute these funds, as you direct, to the Department of Surgery 457(f) Deferred Compensation Plan. These payments will be made in addition to any other amounts you may wish to defer into that plan. Based on the plan documents, the first additional payment will be deferred in May of 1998.

(Pl.'s Ex. 2 [Doc. #10-3].)  Plaintiff elected to have the $200,000 paid into the Deferred Compensation Plan ("the Plan") each year until 2005.  For the year beginning July 1, 2005, plaintiff elected and defendant University agreed to have the

---

[1] Because defendants' arguments concerning the preemption of Count I depend on their unpersuasive arguments with respect to Count II, the Court does not further address defendants' arguments concerning Count I.

payments made on a non-deferred basis directly to plaintiff. The payments were prorated and made on a monthly basis as defendant University expected plaintiff to retire that year. Plaintiff resigned in September of 2005 and defendant University stopped making payments to plaintiff.

Defendants contend that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441 because plaintiff's claims arise under and are therefore preempted by ERISA. As the party seeking removal and opposing remand, defendants have the burden to prove the existence of federal subject matter jurisdiction. In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993).

> There are two types of preemption under ERISA: "complete preemption" under ERISA § 502, 29 U.S.C. § 1132, and "express preemption" under ERISA § 514, 29 U.S.C. § 1144. Complete preemption occurs whenever Congress so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character. Claims arising under the civil enforcement provision of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), including a claim to recover benefits or enforce rights under the terms of an ERISA plan, implicate one such area of complete preemption. Because of complete preemption, any claim filed by a plan participant for the same relief provided under ERISA's civil enforcement provision, even a claim purportedly raising only a state-law cause of action, arises under federal law and is removable to federal court.

Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 907 (8th Cir. 2005) (citations and quotations omitted).

ERISA's express preemption clause sets out that,

Except as provided in subsection (b) of this section, the

3

> provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). The language of the clause is deliberately expansive and is "designed to establish pension plan regulation as exclusively a federal concern." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990) (citations and quotations omitted). A claim "relates to" an employee benefit plan if "it has a connection with or reference to such a plan", Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983), or "where resolution of the claim is substantially dependent on an analysis of the terms of the benefit plan." Neumann v. AT & T Communications, Inc., 376 F.3d 773, 780 (8th Cir. 2004). However, express preemption does not allow for automatic removal to federal court, it only provides an affirmative defense against claims not completely preempted under ERISA § 502. Prudential, 413 F.3d at 907.

An action is subject to removal where a claim "'relate[s] to any employee benefit plan,' 29 U.S.C. § 1144(a), such that the claim is preempted by federal law, and the claim seeks to recover benefits due or enforce rights under the terms of a plan, 29 U.S.C. § 1132(a), such that the exclusive cause of action is under federal law." Neumann, 376 F.3d at 779-80 (citations omitted). ERISA § 502 authorizes a participant or beneficiary of a plan to bring a civil action "to recover benefits due to him under the terms of his

plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

The Plan is a "pension benefit plan" within ERISA's definition as it provides for "retirement income" for plaintiff and because it "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond." See 29 U.S.C. §§ 1002(2)(A)(i), (ii). However, the Court is not persuaded that plaintiff's claim relates to a plan and seeks to recover benefits due or enforce rights under the terms of a plan.

Defendants argue that plaintiff's breach of contract claim relates to a plan and seeks to recover benefits or enforce rights under a plan because the 1998 agreement *implicitly* required plaintiff to be eligible to participate in the Plan. If plaintiff were ineligible, defendant University asserts it could not make the payments into the Plan. The Court is not persuaded that plaintiff's claim turns on the issue of whether plaintiff was eligible to participate in the Plan. In July of 2005, after plaintiff elected not to participate in the Plan, both parties agreed that plaintiff would receive direct, prorated payments on a monthly basis until plaintiff's resignation. As plaintiff did not have to defer the payments, the Court is not persuaded that plaintiff's annual bonus of $200,000 depended upon plaintiff's Plan

5

eligibility.

Defendants' argument that the Plan needs to be consulted and construed to determine whether the July 2004 payment made to plaintiff was for fiscal or calendar year 2004 (as plaintiff contends) or fiscal year 2005 (as defendant University contends) also fails. The March 1998 letter does not state that the payments need to be paid each fiscal year. The letter clearly reads that defendant University will pay plaintiff "additional compensation in the amount of $200,000 annually through *calendar year* 2008." (Pl.'s Ex. 2 [Doc. #10-3] (emphasis added).) Assuming arguendo that payments were due each fiscal year, the Court is not persuaded that it is necessary to consult the Plan to make a determination concerning what annual payments defendant University has made thus far. Defendants' argument that the agreement amended the Plan as a whole is equally unpersuasive as neither the 1998 letter nor the subsequent amendments to the Plan reflect such an amendment.

Defendants have also failed to persuade the Court that the 1998 agreement was an ERISA plan in and of itself. An agreement to pay benefits is an ERISA plan when the employer needs to have "an ongoing administrative program to meet [its] obligation." Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1, 12 (1987). "An ongoing administrative scheme" is necessary when, "to determine the employees' eligibility for and level of benefits[, the employer] must analyze each employee's particular

circumstances in light of the appropriate criteria." Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 257 (8th Cir. 1994). An ongoing administrative scheme is unnecessary, however, when payments may be calculated by "simple or mechanical determinations," id., such as the "requirement of a one-time, lump-sum payment triggered by a single event [which] requires no administrative scheme whatsoever to meet the employer's obligation." Fort Halifax, 482 U.S. at 12.

Although the 1998 agreement is not as simple as that in Fort Halifax or Kulinski where only a simple, lump-sum payment was required, defendant University need only pay one person $200,000 annually until 2008. An administrative scheme is not necessary to make those payments and the agreement does not constitute and is not related to an ERISA plan.

In his motion for remand, plaintiff also seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c). As defendants had an objectively reasonable basis for removal, see Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711-12 (2005), plaintiff's request will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #10] is granted, and plaintiff's request for attorneys' fees pursuant to 28 U.S.C. § 1447(c) is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall

remand this action to the Missouri Circuit Court for the Twenty-Second Judicial Circuit (St. Louis City) from which it was removed.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss Count I [Doc. #9] is denied.

**IT IS FURTHER ORDERED** that defendants' motion for hearing on plaintiff's motion to remand [Doc. #25] is denied.

Dated this ___26th___ day of July, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE